**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JOSEPH A. FERRIERO** <br><br> Defendant. | Criminal Action No. 13-0592 (ES) <br><br> **MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

Pending before the Court is defendant Joseph A. Ferriero's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).[1] (D.E. No. 207 ("Motion")). The government opposes the Motion. (D.E. No. 209 ("Opposition")). The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, the Court DENIES the Motion.

**I.   Background**

On April 16, 2015, a jury found Ferriero guilty of one count of violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c); one count of violating the Travel Act, 18 U.S.C. § 1952; and one count of wire fraud, 18 U.S.C. § 1343. (D.E. No. 127). On December 4, 2015, the Court sentenced Ferriero to a term of 35 months' imprisonment and three

---

[1] Ferriero relies on 18 U.S.C. § 3563(c), which allows the Court to "modify, reduce, or enlarge the conditions of a sentence of probation." (Motion at 1). But Ferriero is on supervised release, not probation, and he requests a "termination" of supervised release, not a modification or reduction. (*See id.*). The Court may order Ferriero's requested relief pursuant to 18 U.S.C. § 3583(e)(1). *See United States v. Paterno*, No. 99-0037, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002) ("The difference between probation and supervised release is that a defendant receives supervised release only after an incarcerative sentence has been served, whereas a defendant on probation has received an alternative to imprisonment.").

years of supervised release, on each count to run concurrently; ordered him to comply with all conditions of supervised release; issued a special assessment of $300.00; and ordered him to pay restitution in the amount of $11,875.00. (D.E. No. 174). Ferriero was released from prison on January 26, 2018, (D.E. No. 207-1, Certification of Joseph Ferriero, ¶ 1) and will complete his term of supervised release in December 2020. Ferriero has satisfied both the special assessment and restitution amounts and, to date, has complied with all conditions of supervised release. (Motion ¶ 7; Opposition at 2).

On October 28, 2019, Ferriero filed the instant Motion for early termination of supervised release. In support, Ferriero points out that he has satisfied his legal financial obligations and has complied with all conditions of supervised release. (Motion ¶ 7). He should not have to serve the remainder of his term of supervised release, he argues, because he has worked diligently to reestablish himself professionally and financially by pursuing a career in public relations and consulting; to be successful in that career path, he must be able to travel domestically and internationally freely and on short notice. (*Id.* ¶¶ 3–6). In opposing the Motion, the government indicates that Ferriero has not pointed to a single instance in which he was prohibited by the conditions of his supervised release to travel domestically or internationally, and argues that mere compliance with the conditions of supervised release is insufficient to justify early termination of supervised release. (Opposition at 3–4). The government further argues that Ferriero's initial sentence was below the recommended guidelines range, and that Ferriero, as a "white collar" defendant who was granted leniency, "must be subject to a period of monitoring during which any return to their previous ways may subject them not only to new criminal charges but also to enhanced penalties for violations of the conditions of their release." (*Id.* at 4).

On October 30, 2020, the Court ordered Ferriero to update the Court regarding his need

2

and ability to travel in light of the COVID-19 pandemic. (D.E. No. 207). In response, Ferriero indicated that, in March 2020, he made a request to the United States Probation Office to travel to Turkey. (D.E. No. 210). Although that request was granted, his trip was cancelled due to the COVID-19 pandemic, and he has not rescheduled it due to "current health concerns." (*Id.*).

## II.  Legal Standard

18 U.S.C. § 3583(e)(1) provides that, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

§ 3583(e)(1). The § 3553(a) factors the Court must consider are

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)); *accord United States v. Melvin*, No. 20-1158, __ F.3d __, 2020 U.S. App. LEXIS 32683, at *6–7 (3d Cir. Oct. 16, 2020). After considering those § 3553(a) factors, the Court may, in its discretion, terminate a period of supervised released if it is satisfied that such action "is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 2020 U.S. App.

3

LEXIS 32683, at *7. The Court need not make specific findings of fact with respect to each factor—a statement that the Court has considered the factors is sufficient. *Id.* (citing *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

Recently, the Third Circuit clarified that a District Court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release. *Id.* at *8. But, the Third Circuit made clear, that does not mean such circumstances are irrelevant to granting or denying a motion for early termination of supervised release. *Id.* at *8–9. "That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* at *9. "We think that '[g]enerally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (quoting *Davies*, 746 F. App'x at 89) (emphasis added in *Melvin*); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").

**III.   Discussion**

The Court denies Ferriero's Motion. *First*, Ferriero's Motion does not analyze the § 3353(a) factors, and in considering all of them, the Court finds that an early termination of supervised release is not appropriate. Most importantly, Ferriero committed certain acts of public corruption; thus his offenses were serious and reflected a breach of the public trust. He was the chairman of the Bergan County Democratic Organization, and he used that position to pressure Democratic officials from Bergan County towns to contract with a company without disclosing

4

that he had a pecuniary interest in those contracts. *United States v. Ferriero*, 866 F.3d 107, 112 (3d Cir. 2017). Such conduct is not only serious, but it also reflects the need for general and specific deterrence.

*Second*, the Court remains convinced that the earlier imposition of sentence was appropriate, in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a). In fact, Court previously granted Ferriero leniency by sentencing him below the recommended guidelines range. (D.E. No. 178, December 4, 2015 Sentencing Transcript, at 80:8-14 & 87:12-15). An even more lenient sentence in this case would be unjust.

*Third*, Ferriero's stated reason for seeking an early termination of supervised released—travel—appears no longer to exist. In light of the COVID-19 pandemic, international and domestic travel has been restricted, and the Court has no reason to think such restrictions will be lifted before Ferriero's term of supervised release concludes. Moreover, Ferriero's most recent submission to the Court indicates he has no intention of traveling anytime soon. Finally, even if he did plan to travel, the Court has no reason to think that the United States Probation Office would not grant any travel request, as it has done in the past. (*See* D.E. No. 210).

The Court notes that it is commendable that Ferriero has paid all of his legal financial obligations. It is also commendable that Ferriero is working to reestablish himself professionally and financially. But in light of the Court's assessment of the § 3553(a) factors, and having been provided no other reason justifying early termination of supervised release, the Court declines to exercise its discretion to terminate Ferriero's supervised release.

## IV. Conclusion

Based on the foregoing, Ferriero's Motion is DENIED. An appropriate Order accompanies this Memorandum Opinion.

November 13, 2020                                                                       */s/Esther Salas*
                                                                                                             **Hon. Esther Salas, U.S.D.J.**